IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 05-cv-01747-OES

DARIEL HOUGH,

     Plaintiff,

v.

STUART P. VANMEVEREN, District Attorney,
JOE ORTIZ as Executive Director,
A.F. STANLEY, Chairman & Colorado Parole Board,
CHRISTINE MOSCHETTI, Supervisor Time/Release,
GOVERNOR BILL OWENS,
6 UNKNOWN JUDGES, Larimer District Court, and
CLERK OF THE 8TH JUDIS [sic] DISTRICT COURT,

     Defendants.



F I L E D
UNITED STATES DISTRICT COURT
DENVER, COLORADO

OCT - 4 2005

GREGORY C. LANGHAM
CLERK

---

## ORDER TO FILE SECOND AMENDED COMPLAINT

---

     Plaintiff Dariel Hough is a prisoner in the custody of the Michigan Department of Corrections who currently is incarcerated at the Lakeland Correctional Facility in Coldwater, Michigan.  He has filed ***pro se*** an amended civil rights complaint pursuant to 42 U.S.C. § 1983 (2003) and 28 U.S.C. § 1343(a)(3) (1993).  He has been allowed to proceed in forma pauperis pursuant to 28 U.S.C. § 1915 (Supp. 2005) without payment of an initial partial filing fee.  He fails to ask for relief, other than for the state of Colorado to incur any costs for legal copies and for appointment of counsel.

     The Court must construe the amended complaint liberally because Mr. Hough is representing himself.  *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).  However, the Court should not be the

***pro se*** litigant's advocate.  ***See Hall***, 935 F.2d at 1110.  For the reasons stated below,

Mr. Hough will be ordered to file a second amended complaint.

The Court has reviewed the amended complaint and has determined that the

amended complaint is deficient.  The twin purposes of a complaint are to give the

opposing parties fair notice of the basis for the claims against them so that they may

respond and to allow the court to conclude that the allegations, if proven, show that the

plaintiff is entitled to relief.  ***See Monument Builders of Greater Kansas City, Inc. v.***

***American Cemetery Ass'n of Kansas*** , 891 F.2d 1473, 1480 (10th Cir. 1989).  The

requirements of Fed. R. Civ. P. 8 are designed to meet these purposes.  ***See TV***

***Communications Network, Inc. v. ESPN, Inc.***, 767 F. Supp. 1062, 1069 (D. Colo.

1991), ***aff'd***, 964 F.2d 1022 (10th Cir. 1992).  Specifically, Rule 8(a) provides that a

complaint "shall contain (1) a short and plain statement of the grounds upon which the

court's jurisdiction depends, . . . (2) a short and plain statement of the claim showing

that the pleader is entitled to relief, and (3) a demand for judgment for the relief the

pleader seeks."  The philosophy of Rule 8(a) is reinforced by Rule 8(e)(1), which

provides that "[e]ach averment of a pleading shall be simple, concise, and direct."

Taken together, Rules 8(a) and (e)(1) underscore the emphasis placed on clarity and

brevity by the federal pleading rules.  Prolix, vague, or unintelligible pleadings violate

the requirements of Rule 8.

As previously stated, Mr. Hough fails to state the relief he seeks.  ***See*** Fed. R.

Civ. P. 8(a)(3).  His amended complaint is vague and unnecessarily long.  The

amended complaint does not include a short and plain statement of his claims showing

that he is entitled to relief in this action.  *See* Fed. R. Civ. P. 8(a)(2).  Mr. Hough

appears to be attacking the time computation record for his discharge date from his

Colorado sentence, which he alleges is to be served concurrently with his Michigan

sentence.  He maintains that his Colorado time computation is being improperly

calculated by the Colorado Department of Corrections.  He also appears to seek

removal of the detainers lodged against him by Larimer County, Colorado.  The basis

for the detainers is unclear.  He buries his disagreement with his time computation and

request for removal of the detainers in numerous pages of superfluous, not to mention

repetitious, allegations that easily could and should have been stated in only a few

pages.  He fails to allege the specifics about his attempts to have the detainers

removed.  He also fails to make clear the reason or reasons he is suing each named

defendant.

Rather than summarizing each claim succinctly, Mr. Hough apparently expects

the Court to sift through his allegations to determine who is being sued for what and

how his constitutional rights have been violated.  That is not the Court's job.  It is Mr.

Hough's responsibility to edit and organize his claims and supporting allegations into a

manageable format.  Neither the defendants nor the Court is required to do this work for

him.  Mr. Hough must allege, simply and concisely, his specific claims for relief,

including the specific rights that allegedly have been violated and the specific acts of

each defendant that allegedly violated his rights.

Mr. Hough also must assert each defendant's personal participation in the

alleged constitutional violations.  Personal participation is an essential allegation in a

civil rights action.  *See Bennett v. Passic*, 545 F.2d 1260, 1262-63 (10th Cir. 1976).

3

To establish personal participation, the plaintiff must show that each defendant caused the deprivation of a federal right. *See Kentucky v. Graham*, 473 U.S. 159, 166 (1985). There must be an affirmative link between the alleged constitutional violation and each defendant's participation, control or direction, or failure to supervise. *See Butler v. City of Norman*, 992 F.2d 1053, 1055 (10th Cir. 1993). A defendant may not be held liable merely because of his or her supervisory position. *See Pembaur v. City of Cincinnati*, 475 U.S. 469, 479 (1986); *McKee v. Heggy*, 703 F.2d 479, 483 (10th Cir. 1983). Mr. Hough may use fictitious names, such as "Unknown Judges" if he does not know the real names of the individuals who allegedly violated his rights. However, if Mr. Hough uses fictitious names he must provide sufficient information about each defendant so that each defendant can be identified for purposes of service.

A decision to dismiss a complaint pursuant to Rule 8 is within the trial court's sound discretion. *See Atkins v. Northwest Airlines, Inc.*, 967 F.2d 1197, 1203 (8th Cir. 1992); *Gillibeau v. City of Richmond*, 417 F.2d 426, 431 (9th Cir. 1969). The Court finds that the amended complaint does not meet the requirements of Fed. R. Civ. P. 8 and that Mr. Hough should be given an opportunity to file a second amended complaint. He will be directed to do so below.

Finally, Mr. Hough is advised that he must provide sufficient copies of the second amended complaint to serve each named defendant. The Court will not make the copies necessary for service. Therefore, Mr. Hough should review his claims carefully to ensure that each named defendant personally participated in the asserted constitutional violations. Accordingly, it is

ORDERED that Mr. Hough file **within thirty (30) days from the date of this order** an original and a copy of a second amended complaint that complies with the pleading requirements of Fed. R. Civ. P. 8 as discussed in this order.  It is

FURTHER ORDERED that the second amended complaint shall be titled "Amended Prisoner Complaint," and shall be filed with the Clerk of the Court, United States District Court for the District of Colorado, Alfred A. Arraj United States Courthouse, 901 Nineteenth Street, A105, Denver, Colorado 80294.  It is

FURTHER ORDERED that the clerk of the Court mail to Mr. Hough, together with a copy of this order, two copies of the following form for use in submitting the second amended complaint:  Prisoner Complaint.  It is

FURTHER ORDERED that Mr. Hough submit sufficient copies of the second amended complaint to serve each named defendant.  It is

FURTHER ORDERED that, if Mr. Hough fails to file an original and sufficient copies of a second amended complaint that complies with this order to the Court's satisfaction within the time allowed, the amended complaint and the action will be dismissed without further notice.

DATED at Denver, Colorado, this __4__ day of __October_____, 2005.

BY THE COURT:

O. EDWARD SCHLATTER
United States Magistrate Judge

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

**CERTIFICATE OF MAILING**

Civil Action No. 05-cv-01747-OES

Dariel Hough
Prisoner No.  172778
Lakeland Corr. Facility
141 - 1st  Street
Coldwater, MI 49036

      I hereby certify that I have mailed a copy of the **ORDER and two copies of the Prisoner Complaint** to the above-named individuals on _10/4/05_

GREGORY C. LANGHAM, CLERK

By:_____
                   Deputy Clerk